UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS CARLOS ENRIQUEZ
ESCARCEGA,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY,

Respondent.

No.  1:26-cv-01012 DAD SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1).  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

I.      **Factual and Procedural History**

        **A.  Section 2241 Petition**

Petitioner is a Mexican national who has been in the custody of the Department of Homeland Security (DHS) for over three months.  ECF No. 1 at 5.  Petitioner alleges he was arrested by the Mesa (Arizona) Police Department on November 5, 2025, for an outstanding domestic violence warrant from 2021 that he was unaware of.  Id. at 5.  He was released from

1

custody but immediately re-detained by Immigration and Customs Enforcement ("ICE").  Id. at 5-6.  After two months in immigration custody, he was transferred to the Golden State Annex Immigration Detention Facility, within this judicial district.  Id. at 6.

Petitioner states that he has been in the United States for a total of 36 years, has been approved for asylum, and has a work authorization valid through 2029.  ECF no. 1 at 6.  He has a social security card and pays taxes.  Id.  Petitioner's whole family, including his father whom he takes care of, lives in the United States.  His children were born here.  Id.  Petitioner acknowledges a DUI arrest "20 years ago" but says he has learned his lesson and has worked honestly and taken care of his family.  Id.

The petition raises a single claim for violation of the Fifth Amendment (procedural due process).  ECF No. 1 at 16-17.  By way of relief, petitioner seeks his immediate release or, in the alternative, a hearing before an immigration judge where the government bears the burden of establishing by clear and convincing evidence that he presents a risk of flight or danger.  Id. at 19.

### B.  Respondent's Return and Opposition to Habeas Petition

In the return/opposition, respondent submits evidence that petition most recently reentered the United States at the San Ysidro Port of Entry on July 18, 2021, and "applied for admission." ECF No. 8 at 9-12 (Exh. 1, Form I-862, Superseding Notice to Appear, Jan. 26, 2022).  Thus, respondent asserts, petitioner was never admitted into the United States and is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(1).  Id. at 3.

Regarding petitioner's constitutional claim, respondent argues that any argument that the revocation of petitioner's release violates the Due Process Clause must fail because detention is a "constitutionally permissible part" of the removal process and there is no evidence of "indefinite" or "potentially permanent" detention that would warrant an individualized determination as to flight risk or dangerousness.  ECF No. 8 at 5 (citing, inter alia, Demore v. Kim, 538 U.S. 510, 528, 531 (2003)).  Respondent further claims that under longstanding precedent, noncitizens who are not admitted into the United States have "only those rights regarding admission that Congress has provided by statute," and "the Due Process Clause provides nothing more."  Id. at 6 (citing Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020)).

Respondent's evidence also provides additional details on petitioner's immigration history.  Petitioner's Form I-213 represents that Mesa Police arrested him on November 6, 2025, pursuant to Ariz. Rev. Stat. Ann. § 13-3842 ("Fugitive of Justice").  ECF No. 8 at 15.  Petitioner was booked into the Maricopa County Sheriff's Office Intake Transfer and Release Facility and transferred the same day to an ICE office in Phoenix.  Id.  Petitioner was processed as a "Custody Redetermination."  Id.  The form also reflects that petitioner has convictions for Burglary Tools (2000), DUI (2001, 2001, and 2005), and a pending misdemeanor domestic violence charge (2017).  Id.  The next hearing in petitioner's removal proceedings is June 2, 2026.  Id. at 19.

**II.     Legal Standard**

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law.  U.S. Const. amend. V.  The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas v. Davis, 533 U.S. 678, 693 (2001).  Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause.  The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies.  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) ("Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context.")  Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include.  Mathews, 424 U.S. at 335.

3

**III.     Discussion**

**A.  Petitioner Has a Protected Liberty Interest in His Continued Release**

Respondent's evidence establishes that upon petitioner's reentry on July 18, 2021, DHS deemed him an applicant for admission pursuant to 8 U.S.C. § 1225.  ECF No. 8 at 10.  But even assuming that petitioner is currently detained under 8 U.S.C. § 1225(b)(1) as respondent asserts, it is undisputed that petitioner was subsequently released after his re-entry and resided in the United States until his current re-detention.[1]  Therefore, the undersigned "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme." Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (citations omitted).  "[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." Calderon v. Kaiser, No. 25-cv-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting Morrissey, 408 U.S. at 482).

Respondent's argument that petitioner lacks a liberty interest as an applicant for admission is unconvincing.  Respondent relies on Thuraissigiam 591 U.S. 103, which is materially distinguishable from this case for multiple reasons.  First, its "discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question." Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023).  Moreover, Thuraissigiam concerned an individual arrested mere yards from the border a short time after entering the United States without inspection, and who DHS had never released into the United States, not an individual like petitioner who has established meaningful ties to the United States.  Thuraissigiam "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural

---

[1]  Although respondent does not dispute petitioner's release, see ECF No. 8 at 5, the record is silent as to the circumstances of the release or its statutory basis (e.g., humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) or conditional parole under 8 U.S.C. § 1226(a)).

4

protections."  Padilla, 704 F. Supp. 3d at 1172.

### B. **Mathews** Factors

The undersigned next applies the Mathews factors to determine what procedures were necessary to ensure the deprivation of petitioner's liberty interest afforded due process.

As to the first factor, the undersigned finds that petitioner has a strong private interest in his continued release.  "It cannot be gainsaid that Petitioner has a substantial private interest in maintaining his out-of-custody status.  Freedom from imprisonment is at the core of the Due Process Clause."  Doe v. Becerra, 787 F.Supp.3d 1083, 1093 (E.D. Cal. 2025) (citing Zadvydas, 533 U.S. 678).  Petitioner's private interest is further strengthened by his 36 years in the United States, including roughly four years since his last return to the United States, and his strong family ties.  Accordingly, the first factor firmly favors petitioner.

Next, the risk of erroneous deprivation is particularly high when, as is undisputed here, petitioner received no meaningful procedural safeguards.  In fact, respondent does not address why petitioner was re-detained at all, other than asserting he is subject to mandatory detention under § 1225(b)(1).  Petitioner's Form I-213 identifies his case disposition as "custody redetermination," ECF No. 8 at 16, but does not cite his arrest by state law enforcement or violations of any terms of release as the basis for re-detention.  Thus, because there is no indication that petitioner was provided with prior notice that ICE would re-detain him or a hearing before he was taken into custody, the second factor also strongly favors petitioner.  See Cajina, 2025 WL 3251083, at *4 (ordering pre-deprivation hearing where ICE re-detained petitioner absent a showing of changed circumstances); Marquez v. Chestnut, No. 1:26-cv-0988 DAD CSK, 2026 WL 326811, at *1 (E.D. Cal. Feb. 6, 2026) (re-detaining an individual four days after DUI arrest without prior notice or a hearing violates due process).

Finally, the government's interest is low, and the effort and cost required to provide petitioner with procedural safeguards are minimal.  Perez v. Albarran, No. 1:25-cv-1540 DAD CSK (HC), 2025 WL 3187578, at *4 (E.D. Cal. Nov. 14, 2025); see also Pinchi v. Noem, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025) ("Indeed, it is likely that the cost to the government of detaining [petitioner] pending any bond hearing would significantly exceed the cost of providing

her with a pre-detention hearing."). Accordingly, the third and final <u>Mathews</u> factor also strongly tilts toward petitioner.

Based on the above application of the <u>Mathews</u> factors, the undersigned finds that petitioner's re-detention violated due process and recommends that the petition for a writ of habeas corpus be granted. Respondents should be ordered to release petitioner immediately under any previously imposed conditions of supervision and enjoined from re-detaining petitioner unless they provide him with written notice before a pre-deprivation bond hearing to be convened by a neutral decision maker.

<b>CONCLUSION</b>

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

Additionally, IT IS HEREBY RECOMMENDED that:

1.      The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.      Respondents be required to immediately release petitioner from detention under any previously imposed conditions of supervision.

3.      Respondents be enjoined and restrained from re-detaining petitioner unless they provide petitioner with written notice before a pre-deprivation bond hearing to be convened by a neutral decision maker, and demonstrate by clear and convincing evidence at such bond hearing that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

4.      At the time of release, Respondents be ordered to return all of petitioner's documents and possessions.

5.      Respondents be ordered to file a notice certifying compliance with the above provisions within two (2) days of the adoption of these findings and recommendations.

6.      Petitioner's motion to appoint counsel (ECF No. 3) be DENIED as moot.

7.      Judgement be entered in favor of the petitioner and the Clerk of the Court close this case.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE